IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| ABRAHAM FLORES | § | |
| --- | --- | --- |
| | § | |
| VS. | § | CIVIL ACTION NO. G-07-088 |
| | § | |
| LORANCE W. BODDEN | § | |

### OPINION AND ORDER

Before the Court is the "Motion to Use Deposition in Court Proceedings" of Plaintiff, Abraham Flores.

Flores is a citizen of Mexico. In the summer of 2005, he was in the United States illegally and was employed as a shrimper aboard the DAISY PATRICIA, a shrimp/oyster boat owned by RJMW Corporation. RMJW was substantially owned by Lorance W. Bodden, the named Defendant in the instant action. On July 29, 2005, Flores was injured while in the service of the vessel. He ultimately filed a Jones Act suit against RJMW. The tortured history of that lawsuit is set forth in detail in the Court's Report and Recommendation of February 11, 2009 (Instrument no. 64).

Following RJMW's filing for bankruptcy, Flores sued Bodden, as its alter-ego, for the same Jones Act claim. Unfortunately, for Flores, he has been deported in the past and cannot legally re-enter the United States to appear at his trial. Therefore, he seeks to use the deposition testimony he gave in the RJMW lawsuit in lieu of his personal appearance at trial. Bodden, of course, opposes Flores' Motion.

Flores relies on Rule 804(b)(1) of the Federal Rules of Evidence. Under this Rule, if a witness is unavailable for trial, his former testimony "given as a witness…in a deposition taken in compliance with law in the course of…another proceeding" may, in the discretion of the trial

court, be admitted "if the party against whom the testimony is…offered, or…a predecessor in interest, had an opportunity and similar motive to develop the testimony by…cross…examination."

Flores claims to be unavailable and the Court believes he is.  Flores has been deported from the United States on two prior occasions, once after spending 6 months and 20 days in jail following his arrest for possession of cocaine before the charges were dismissed.  If he were to be found in the United States illegally he could be prosecuted for "illegal entry" pursuant to 8 U.S.C. §1325(a) and, if convicted, sent to jail or prison for a substantial period of time.  While it is true that Flores could request a temporary parole to enter the country to testify at this trial from the Attorney General pursuant to 8 U.S.C. §1182(d)(5)(A), as implemented by 8 C.F.R. §212.5, such a parole is extremely unlikely since it will "generally be justified only on a case-by-case basis for  'urgent humanitarian reasons' or 'significant public benefit,'" §212.5(b).  Moreover, any decision to deny parole by the Attorney General is not subject to correction by judicial review.  See Abu Laban v. Sava, 564 F.Supp. 30, 33 (S.D. N.Y. 1982)     In fact, this Court has had some experience with a temporary parole request in a criminal matter, Case No. H-91-cr-23, United States v. Orlando Yunque.  Yunque filed a § 2255 Motion to vacate his 372 month sentence after the Government's cooperating witness recanted his trial testimony.  Yunque's counsel spent 18 months attempting to procure a temporary parole for the witness to enter the United States from Columbia to testify at an evidentiary hearing, but was never able to do so.  Yunque's Motion was, therefore, dismissed.  If Yunque's predicament fell on deaf ears, it seems Flores' request would be fruitless and a complete waste of the $545.00 filing fee.

Bodden argues that use of the deposition would be unfair because it was taken in another case; RJMW, not he, was the Defendant; RJMW's attorney is not his present attorney; the deposition pre-dates the suit brought against him; and it has not yet been shown that he is, as

alleged, the alter-ego of RJMW. The Court finds these arguments to be unpersuasive. Flores' cause of action against Bodden is exactly the same claim he made against RJMW. Bodden was, for all practicable purposes, the owner of the DAISY PATRICIA and was even deposed in the RJMW lawsuit. Bodden and RJMW certainly have the same motive to develop Flores' testimony and the fact that a different lawyer represented RJMW is not significant.

Bodden also claims that the limited scope of the deposition precludes its use since a default had been entered as to RJMW's liability and the only remaining issue in the case at the time of the deposition was Flores' damages. A review of the deposition, however, belies Bodden's protestations. Counsel for RJMW fully examined Flores on the facts surrounding his alleged injury in the 84 pages and four hours of deposition testimony; he did so without objection because Flores' contributory negligence was a crucial issue remaining in the case. In the opinion of this Court the deposition was adequately comprehensive in scope.

In April, Bodden sought to compel Flores to appear for deposition in the United States. This Court ruled that Flores must appear, if possible, for deposition in the United States, but that if it were impossible for him to do so the Parties should research "possible alternatives." Bodden's counsel, quite understandably, balked at going to Mexico and has, in the past, as well as in his response to Flores' Motion, asserted that "as the Court is aware, FRCP 30(b)(4) does not provide for telephonic depositions from a foreign country." The present controversy has caused this Court to test Bodden's assertion, and it seems that such telephonic depositions are, indeed, quite permissible. In Rehau, Inc. v. Colortech, Inc., 145 F.R.D. 444 (W.D. Mich. 1993), the Court concluded that upon giving a legitimate reason for taking the deposition of witnesses in Germany and Sweden telephonically, the moving party need not show an extraordinary need for the deposition, rather, the burden is on the opposing party to establish why the deposition should

3

not be taken telephonically.  Id. 446-7 (citing Jahr v. I.U. Int'l Corp., 109 F.R.D. 429 (M.D. N.C. 1986) see also, 10A Fed. Proc. L.Ed. § 26: 471 ("the prevailing rule is that leave to take telephonic depositions should be liberally granted in appropriate cases" without a showing of extraordinary need)    Apparently, Bodden is free to take Flores' deposition after all, should he truly desire to do so.

The Court does agree with Bodden's argument that the use of Flores' written deposition precludes the ability to observe his demeanor and limits the ability to assess his credibility; however, this will always be the case when Rule 804(b)(1) permits the use of the deposition of an unavailable witness.  Moreover, this effect is tempered by the fact that this will be a non-jury trial.

Bodden relies heavily upon Garcia-Martinez v. City and County of Denver, 392 F.3d 1187 (10th Cir. 2004), to support his position, and the case certainly does so.  This Court, however, finds the Garcia-Martinez decision to be too harsh, especially with regard to Flores' Jones Act claim.  As Judge Kent observed long ago, Bodden's "outrageous behavior" throughout the history of this litigation has been "meant to do nothing more then…attempt to wrongfully avoid the complaints of seaman employees."

It is, therefore, the **ORDER** of this Court that "Plaintiff's Motion to Use Deposition in Court Proceedings" (Instrument no. 85) is **GRANTED**.

**DONE** at Galveston, Texas, this _____10th_____ day of September, 2009.

_____
John R. Froeschner
United States Magistrate Judge

4